## SHONBERG *v.* THE STATE OF OHIO.

*Constitutional law — Second-hand dealers and junk shops — Section 6371, General Code — Attaching tags to articles — Excessive fine for first offense — Criminal law.*

1. The statutory provisions relating to second-hand stores and junk shops, requiring that persons making purchases of the class of articles therein referred to shall cause "a tag to be attached to such article in some visible or convenient place," etc., is not rendered without effect and void by reason of the fact that in the case of old iron, for instance, it would be impracticable or perhaps physically impossible to attach a tag to each and every piece, the attaching of a tag to each pile or lot purchased being a sufficient compliance with the statute where such a difficulty is presented.

2. A fine of $200 for a first offense in such a case is grossly excessive, and a reviewing court, while affirming the judgment, will send the case back with the suggestion that justice be done in the premises.

(Decided March 7, 1919.)

ERROR: Court of Appeals for Licking county.

*Mr. L. C. Russell,* for plaintiff in error.
*Messrs. Kibler & Kibler,* for defendant in error.

HOUCK, J.   This was a criminal action brought under favor of Section 6371, General Code. The plaintiff in error, Michael Schonberg, who was the defendant below, was charged with violating a part of this section of the statute. He was a junk dealer, engaged in buying and selling iron, and this section of the statute makes it a criminal offense not to tag iron so purchased. He was arrested for a violation of said statute and was taken before a magistrate. Upon trial he was convicted and fined $200.

It seems that there is a second case pending against him, or it was pending, which was to follow this case, and to be governed by the decision in this one, wherein the same fine was imposed, $200.

We have examined this record, and we have read the testimony. It is claimed by counsel on behalf of plaintiff in error, the defendant below, that it is impossible to comply with this statute; that is, that it is physically impossible to tag all pieces of iron, and, therefore, that the statute should be declared null and void.

We do not think this contention is sound, because we feel that a reasonable compliance with the statute could be had, that is, that it would not be necessary to tag each article, but to put the articles in a bunch, and one tag would be sufficient. But we pass that question, which, to us, is not the serious one in the case. While we hold that the statute is constitutional, and is not void, and that it should be enforced, yet we are unable to understand why a penalty of $200 was imposed for a first offense. Speaking from the record, there is nothing which would indicate that the accused had ever been arrested before for a violation of this statute, or any other statute; and, as the court is advised, we know of no other arrest that has ever been made, or conviction had under this particular part of the statute; and assuming that the accused was a man of reasonably good standing in the community the court is unanimous in its judgment that the fine is excessive, not only excessive, but very excessive. We will affirm this judgment and remand it back to the magistrate, and suggest to counsel for the plaintiff in error to file a motion ask-

ing, that said fine be reduced to a reasonable sum. The court is not indicating to the magistrate what the amount shall be, but as it now stands it is unreasonable and should be materially reduced. With these suggestions, the judgment will be affirmed, and the case remanded to the magistrate in the hope that counsel will get together and assist in bringing about what clearly appears, to this court, to be but simple justice in the premises.

*Judgment accordingly.*

SHIELDS and PATTERSON, JJ., concur.