## BARBOUR *v.* STATE OF GEORGIA.

### ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 191. Submitted January 24, 1919.—Decided April 14, 1919.

One who acquires liquor after approval and before the effective date of a state law making its possession unlawful is not deprived by the law of his property without due process. P. 459.

It must be presumed that the liquor was acquired between those dates when the date of acquisition is not shown. *Id.*

Whether such a law would be constitutional as applied to one who acquired liquor before its enactment—not decided. P. 460.

A federal question which was not decided by the State Supreme Court because not so raised as to evoke its decision under the local practice will not be decided by this court. *Id.*

146 Georgia, 667, affirmed.

THE case is stated in the opinion.

*Mr. William W. Osborne* and *Mr. A. A. Lawrence* for plaintiff in error:

Wine has from the dawn of civilization been a recognized article of commerce, useful in arts, mechanics and for scientific, medicinal and religious purposes. Its future acquisition may be prohibited, but until some statute has been passed to change its status it retains the status of property given by common consent of mankind through the course of centuries. Under that status it was clothed with the protection afforded by the guarantees of the Fourteenth Amendment, and we insist that the State cannot alter this status under the guise of declaring that that which it had theretofore declared to be property was not property, but a noxious and unwholesome nuisance.

The very statute itself contradicts the announcement of the court that intoxicating liquors are inherently a nuisance, for it recognizes the right of property and the right to possess various specified amounts thereof.

We submit that when duties and revenues are paid upon wines their value inheres in the wines and the owner has a property right under the United States. This value the court below says the State may destroy.

The decision under review announces a dangerous application of the doctrine that innocent transactions may be prohibited to prevent their use as an aid to thwart the particular object.

At the time the statute in question was passed it was unlawful in Georgia to sell wine. [See Code, § 426, Penal Code 1911, appendix (b).] One was permitted under the law to purchase and possess it for his own use or to be used in social intercourse. The effect of a law passed November 18th, to become effective May 1st, and construed as the court below has done, must have been to force the citizen either to consume his wines, which was an aid to insobriety, or to destroy them. This, we submit, was contrary to good morals and repugnant to the protection guaranteed by the Fourteenth Amendment.

We invite the attention of the court to the case of *Wynehamer* v. *People*, 13 N. Y. 378, in which there is a most extended discussion of this question

In the opinion of the court there is a suggestion that the wine was acquired between the date of the passage of the act, and the date upon which it, by its terms, became effective. We do not think this is important, for no statute has force until the time it becomes effective. 36 Cyc. p. 1192; Lewis, Sutherland's Statutory Construction. Property acquired before the statute became effective is just as much entitled to protection of the constitutional guarantees as if it were acquired prior to the passage of the act.

The premise upon which the court below based its conclusion was, that property right in wines is not absolute, but only qualified, and taken subject to such legislation as the State might thereafter enact. This, we insist, is opposed to the settled law of the land as announced by decisions of this court. *Bowman* v. *Chicago & Northwestern Ry. Co.*, 125 U. S. 465; *Leisy* v. *Hardin*, 135 U. S. 100; *Vance* v. *Vandercook Co.*, 170 U. S. 438.

Property right in liquors is derived, not by grant from the State, but under the Constitution of the United States.

It is true that the foregoing cases involved a conflict between the police power of the State and the commerce clause, while this case involves a conflict between the police power and the due process clause; but this is a distinction without a difference.

The foregoing cases afford a complete reply to the position assumed that if the liquors were acquired between the date of the approval and the effective date of the act, the act in question would not be retroactive.

Under the laws of Georgia as they existed between November, 1915, and May, 1916, it was lawful to ac-

quire and possess intoxicating liquors in any quantity. Under the cases cited one acquiring such property acquired with it all the incidents and protection accorded to property by the Constitution, and in a conflict between the police power of the State and the Constitution the police power must give way. *Bowman* v. *Chicago & Northwestern Ry. Co., supra.*

*Mr. Clifford Walker,* Attorney General of the State of Georgia, for defendant in error:

The mere possession of whiskey for personal use may be rendered criminal by state legislature. *Crane* v. *Campbell,* 245 U. S. 304.

The power of the legislature to declare that which is perfectly innocent in itself to be unlawful is beyond question. *Lawton* v. *Steele,* 152 U. S. 133; *Silz* v. *Hesterberg,* 211 U. S. 31; *People* v. *West,* 106 N. Y. 293.

If the lawful object warrants the discrimination the means adopted for making it effective also may be adopted. *Patsone* v. *Pennsylvania,* 232 U. S. 138; *Geer* v. *Connecticut,* 161 U. S. 519.

It is not a good objection to a statute prohibiting a particular act and making its commission a public offense that the act was before the enactment lawful or even innocent and without any element of moral turpitude. *People* v. *West, supra; People* v. *Cipperly,* 101 N. Y. 634; *Commonwealth* v. *Evans,* 132 Massachusetts, 11.

Intoxicating liquor being dangerous to the morals, good order, health and safety of the people, is not to be placed on the same footing with the ordinary commodities of life. *State* v. *Aiken,* 42 S. Car. 222; *Schwartz* v. *People,* 46 Colorado, 239.

The police power is a power originally and always belonging to the States, not surrendered by them to the general government, nor directly restrained by the

Constitution of the United States, and essentially exclusive. *United States* v. *Knight Co.*, 156 U. S. 1. This principle applies to prohibiting possession of certain things as a proper means to accomplish an ulterior valid purpose. *Silz* v. *Hesterberg, supra; Lawton* v. *Steele, supra; Patsone* v. *Pennsylvania*, 232 U. S. 138.

A State may prohibit the sale of non-intoxicating malt liquors if the legislature deems it a necessary means to suppress the trade in intoxicants. *Purity Extract Co.* v. *Lynch*, 226 U. S. 192.

It is well settled that in legislating in behalf of the public morals, health and safety, the State by reason of its police power may enact laws which incidentally impair property value, *Mugler* v. *Kansas*, 123 U. S. 623; or destroy it altogether, *Cureton* v. *State*, 135 Georgia, 660; *Southern Express Co.* v. *Whittle*, 194 Alabama, 406; *Glenn* v. *Southern Express Co.*, 170 N. Car. 286; *Preston* v. *Drew*, 33 Maine, 558; *Patsone* v. *Pennsylvania, supra; Silz* v. *Hesterberg, supra; Barbour* v. *State*, 146 Georgia, 667.

The State has the power to prohibit the manufacture and sale; it also has the power, as an incident to the right, to restrain the means by which intoxicating liquors for personal use can be obtained. *Clark Distilling Co.* v. *Western Maryland Ry. Co.*, 242 U. S. 311.

The constitution of the State of Georgia expressly provides that its police powers cannot be abridged. Const., Art. IV, § 2, par. 2. Intoxicants, because of their inherent evil qualities, are taken and possessed subject to such legislation as the State may enact under its police power.

Mr. Justice Brandeis delivered the opinion of the court.

The Georgia prohibitory liquor law was approved November 18, 1915; but, by its terms, did not become effec-

tive until May 1, 1916. Under it Barbour was convicted for having in his possession on June 10, 1916, more than one gallon of vinous liquor. (Georgia Laws, Extraordinary Session, 1915, Part 1, Title 2, No. 4, §§ 16 & 30, pp. 90, 99, 105.) He asserted that the liquor had been acquired by him before May first; and contended that the statute, if construed to apply to liquor so acquired, was void under the Fourteenth Amendment. The Supreme Court of the State overruled this contention and affirmed the sentence. 146 Georgia, 667. The case comes here on writ of error under § 237 of the Judicial Code.

That a State which has enacted a prohibitory law may forbid the mere possession of liquor within its borders was decided in *Crane* v. *Campbell*, 245 U. S. 304; but it did not appear there when the liquor had been acquired. Whether the prohibition of sale may be constitutionally applied to liquor acquired before the enactment of the statute was raised in *Bartemeyer* v. *Iowa*, 18 Wall. 129, and *Beer Company* v. *Massachusetts*, 97 U. S. 25, 32–33; but was not decided. The question presented here however is simpler. For the exact date when Barbour acquired the liquor is not shown; and we must assume, as the Supreme Court of Georgia did, that it was acquired during the period of five months and twelve days between the enactment of the law and the date when it became effective. Does the Fourteenth Amendment, by its guarantee to property, prevent a State from protecting its citizens from liquor so acquired?

A State having the power to forbid the manufacture, sale, and possession of liquor within its borders, may, if it concludes to exercise the power, obviously postpone the date when the prohibition shall become effective, in order that those engaged in the business and others may adjust themselves to the new conditions. Whoever acquires, after the enactment of the statute, property thus declared noxious, takes it with full notice of its infirmity and that

after a day certain its possession will, by mere lapse of time, become a crime. It is well settled that the Federal Constitution does not enable one to stay the exercise of a State's police power by entering into a contract under such circumstances. *Diamond Glue Co.* v. *United States Glue Co.*, 187 U. S. 611, 615. Compare *Calder* v. *Michigan*, 218 U. S. 591, 599. Nor can he do so by acquiring property.

The defendant raised, in his amended motion for a new trial, the further objection that the law was unconstitutional as applied to him, because the liquor had been acquired before the statute was enacted; but the trial judge denied the motion and declined to approve any of the grounds on which it was based. In accordance with the state practice its Supreme Court therefore refused to consider the point. *Dickens* v. *State*, 137 Georgia, 523; *Harris* v. *State*, 120 Georgia, 196, 197. Consequently the question is not before us, *Louisville & Nashville R. R. Co.* v. *Woodford*, 234 U. S. 46, 51; and on it we express no opinion.

The judgment of the Supreme Court of Georgia is

*Affirmed.*