## BROWN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1920.)

No. 5396.

1. **Indians ⬳35—Statute against possession of liquor applies in Indian country in Minnesota.**

Act May 25, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa), making it an offense to have possession of intoxicating liquors in the Indian country, where the introduction is prohibited by treaty or federal statute, *held* valid and applicable in the territory in Minnesota included in the Chippewa treaty of February 22, 1855.

2. **Indians ⬳35—Treaty making applicable subsequent prohibition laws.**

A provision of an Indian treaty that laws then in force or thereafter enacted prohibiting the introduction, manufacture, or traffic in intoxicating liquors in the Indian country should be in force within the territory covered by the treaty, includes a law making it unlawful to have possession of liquor in Indian country.

3. **Criminal law ⬳369 (6)—Evidence of prior offense admissible in prosecution for having liquor in possession.**

In a prosecution for having liquor in possession in Indian country, evidence that defendant unlawfully introduced liquor into the same territory a few days before the offense charged, and before the law went into effect, *held* admissible.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Criminal prosecution by the United States against Mike Brown. Judgment of conviction, and defendant brings error. Affirmed.

H. B. Haroldson, of Duluth, Minn., for plaintiff in error.

William Anderson, Asst. U. S. Atty., of St. Paul, Minn., and Alfred Jacques, U. S. Atty., of Duluth, Minn.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

STONE, Circuit Judge. Error from conviction for having intoxicating liquor in possession within the Indian country, where the introduction thereof is prohibited by treaty or federal statute, in violation of section 1 of the Act of May 25, 1918 (40 Stat. 561, 563 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa]).

[1] The contentions of plaintiff in error are as follows: First, that the statute prohibiting possession of intoxicants is void as an invasion of the police power of the states; second, that the authority of the

government to legislate concerning intoxicants in reference to the locality · here involved (Crosby, Minn.), must be based upon the Chippewa Treaty of February 22, 1855 (10 Stat. 1165), and that, so limited, the statute has · no application here; third, that evidence of sales of liquor to these Indians by plaintiff in error, occurring about two weeks prior to this defense, was improperly admitted.

There is no dispute that the place where plaintiff in error possessed this liquor was Indian country. Nor is there any dispute that the introduction of intoxicating liquors was prohibited in this Indian country when this statute was enacted, nor could there be such dispute, as that has been settled by a decision upon this very provision of this treaty. Johnson v. Gearlds, 234 U. S. 422, 34 Sup. Ct. 794, 58 L. Ed. 1383. To prohibit possession of intoxicants is a recognized and judicially approved means of enforcing prohibition laws. Barbour v. State, 249 U. S. 454, 39 Sup. Ct. 316, 63 L. Ed. 704; Crane v. Campbell, 245 U. S. 304, 38 Sup. Ct. 98, 62 L. Ed. 304. The power of Congress to prescribe and enforce prohibition in Indian country is settled. Johnson v. Gearlds, 234 U. S. 422, 34 Sup. Ct. 794, 58 L. Ed. 1383, and cases there cited.

[2] There is no merit in the contention that the terms of the Chippewa Treaty of 1855 (10 Stat. 1165) eliminated the application of this statute. Article 7 of that treaty provides:

"The laws which have been or may be enacted by Congress, regulating trade and intercourse with the Indian tribes, to continue and be in force within and upon the several reservations provided for herein; and those portions of said laws which prohibit the introduction, manufacture, use of, and traffic in, ardent spirits, wines, or other liquors, in the Indian country, shall continue and be in force, within the entire boundaries of the country herein ceded to the United States, until otherwise provided by Congress."

The reference to existing laws was to the Act of June 30, 1834 (4 Stat. 729), which prohibited the introduction, manufacture, or traffic in liquor within the Indian country. Johnson v. Gearlds, 234 U. S. 422, 435, 34 Sup. Ct. 794, 58 L. Ed. 1383. As to proscribe possession of liquor in Indian country is a proper method of enforcing laws against its introduction or traffic in it, the statute here involved clearly comes within the treaty provisions.

[3] The evidence claimed to have been erroneously admitted was of unlawful introduction of liquor into this same locality from 14 to 16 days prior to this offense, and from 6 to 8 days before the statute now involved became effective. This was a similar offense, but a short time before the one in question, and would strongly bear upon the course of conduct of accused, of which the present act was one. We see no prejudice in the admission of this evidence.

The judgment is affirmed.