**DENNIS v STATE**

Ohio Appeals, 1st Dist, Hamilton Co

No 3952.   Decided Oct 26, 1931,

Benjamin S. Schwartz, for plaintiff in error.

John D. Ellis, City Solicitor, Harry J. Wernke, Prosecuting Attorney, Cincinnati, and Francis T. Bartlett, for defendant in error.

HAMILTON, J.

The pertinent part of §6370, GC, provides:

"A person purchasing, selling, exchanging or receiving second-hand articles of any kind, scrap-iron, old metal, canvas, rope, branded bottles, junk or lead pipe * * * shall post in a conspicuous place in or upon his shop, * * * his name and occupation legibly inscribed thereon, and keep a separate book, open to inspection by a member of a police force, city marshal, constable or other person, in which shall be written, in the English language, at the time of the purchase or exchange of such articles, a description thereof, the name, description and residence of the person from whom purchased and received, and the day and hour when such purchase or exchange was made. Every entry shall be numbered consecutively, commencing with number one."

The undisputed evidence is that Dennis kept a separate book open to inspection, as provided by statute. He was not charged with a failure to keep a separate book, but was charged in the affidavit with unlawfully and knowingly failing to write in a certain book, in the English language, a purchase from John Doe of railroad tie plates. The separate book which is offered in evidence does not disclose any such entry on the date named. If the evidence sustained the charge of the purchase of railroad tie plates on the day in question, and Dennis had opportunity to make the entry in the book, and had failed to do so, he would have been guilty of the violation of the statute in question.

We have read the evidence adduced in the case, and it appears that there were certain tie plates at the place of business of The General Contracting Corporation in Cincinnati; that one of the employes of the corporation saw a colored fellow take a number of tie plates and put them in a sack, and one of the corporation's employes followed him; that he took them in a wheelbarrow to Abe Dennis' yard, and carried them inside Dennis' shop. The employe went back and reported to the corporation, and this is all he knew about the matter. The employe of the corporation got officers and went to Dennis' yard, and just inside the yard they found the bag of tie plates. The officers testified that they immediately went to Dennis' place of business, and there found the railroad tie plates in the sack just inside the gate of Dennis' yard. They went into his office, looked at his books, and saw he had not kept a record of the purchase of the tie plates. Dennis was not there, but they asked his man Learner about the books. He said he did not know where the books were, that Mr. Dennis knew. In about ten minutes Dennis came in. The officer states Dennis said he did not remember whether he bought tie plates or not.

Two of Dennis' employes testified that they were there when the negro brought in the tie plates, and they refused to buy them, and he started away and they knew nothing further about them.

The evidence is that there is no entry of purchases in the book subsequent to April 10th. But the case must be tried on the affidavit which charges a failure to make the entry of May 1st.

It would seem from the evidence that it was but a few minutes from the time the tie plates were taken until the officers visited Dennis' place and examined his books.

Our conclusion is that the state has failed to produce the quantum of proof required of the purchase by Dennis of the tie plates, and if there was any purchase of tie plates by Dennis' employes or agents, no reasonable time elapsed to enable Dennis to make the entry, if he so desired.

The conviction could only be had from inference upon inference, which is not sufficient in a civil action to sustain a judgment, much less would it be sufficient to sustain a conviction in a criminal charge, wherein the state must prove the charge beyond a reasonable doubt.

We find the judgment of conviction contrary to the manifest weight of the evidence.

The judgment of the Municipal Court of Cincinnati, and the judgment of the Court of Common Pleas of Hamilton County, affirming that judgment, are hereby reversed, and the case is remanded to the Municipal Court of Cincinnati for a new trial.

ROSS, PJ, and CUSHING, J, concur.