THE STATE, EX REL. KEENER, APPELLANT, *v.* SERR, APPELLEE.

[Cite as State, ex rel. Keener, v. Serr (1976), 53 Ohio App. 2d 143.]

(No. L-75-239—Decided February 27, 1976.)

*Mr. Richard McQuade,* for appellant.
*Mr. Willard A. Johnson,* for appellee.

WILEY, J. The defendant was charged under R. C. 519.99 with a violation of Section 4.5-2(d)(1) of the Harding Township Zoning Resolution. The defendant filed a motion to dismiss. Both counsel filed a memorandum *in re* the motion and a hearing date was scheduled on the same for October 21, 1975. Thereafter, the court's journal entry

indicates that no plea was entered; however, therein appears the following words: "verdict or finding 11-7-75 not guilty. Notify both counsel."

A first consideration is whether the prosecution may appeal from such a finding by the court. We find that such an appeal can be taken for the following reasons. Crim. R. 12(B) provides for pretrial motions as follows: "Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion." The defendant herein filed a motion to dismiss which, in effect, stated that the facts alleged in the affidavit failed to charge an offense in that the law attempted to be applied was an *ex post facto* law as to the defendant. Criminal Rule 12(I) provides in part: "Nothing in this rule shall affect the state's right to appeal an adverse ruling on a motion under subsections (B)(1) or (2), when such motion raises issues which were formerly raised pursuant to a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment."

The record is clear that there was no trial on the merits and that the finding of not guilty by the trial court was actually the equivalent of granting the motion to dismiss. We further determine that the motion to dismiss herein is the equivalent of a motion to quash, a plea in abatement, or a demurrer formerly recognized in the law, and referred to in Criminal Rule 12 and also set forth presently in R. C. 2945.70. See *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65 at page 71;[1] *State* v. *Seta* (1968), 16 Ohio App. 2d 97; *State* v. *Collins* (1970), 24 Ohio St. 2d 107 at 111 and 112.

The appellant herein proceeded as provided in R. C. 2945.67 to 2945.70, inclusive, and this court does have jurisdiction to hear the appeal herein.

The defendant, an operator of a junkyard, has not com-

---

[1]Paragraph four of the syllabus of *Euclid* v. *Heaton* states:

"Sections 2945.67 to 2945.70, inclusive, Revised Code, are unconstitutional insofar as they permit the prosecutor in a criminal case to institute proceedings to review a judgment of the trial court, *except* where the judgment of such court decides a 'motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment,' *or the equivalent thereof.*" **Emphasis added.**

plied with Section 4.5-2(d)(1) of the Harding Township Zoning Resolution which reads:

"4.5-2 Special Review Uses: * * *

"d. Automobile wrecking yard, or junk yard provided 1) a list of vehicles in stock shall be maintained, and submitted to the township upon request of the Zoning Commission or Board of Trustees; 2) no vehicle shall be stored longer than five months without specific permission of the review authority; 3) no junk material or vehicles shall be stacked higher than 10 feet within 300 feet of a property line abutting a public right-of-way or a more restrictive district; 4) no open burning shall be done without specific permission of the review authority; 5) all yards in *existance* [*sic*] *prior to the* effective date of this resolution shall comply with requirements 1), 2), 3) and 4) above within 1 year thereafter."

Although the junkyard is a legal nonconforming use in that zoning district, it is still subject to regulation for the protection of the public health, safety, morals and general welfare.

The first three assignments of error pertain to the constitutionality of Section 4.5-2(d)(1) of the Harding Township Zoning Resolution. The general rule is that under the police power, a municipality may validly regulate junkyards. *Goodman* v. *Youngstown* (1937), 24 Ohio Law Abs. 696; annotation, 45 A. L. R. 2d 1391, Section 3(A); see *Hagaman* v. *Slaughter* (1961), 49 Tenn. App. 338, 354 S. W. 2d 818; *State* v. *Buckley* (1968), 16 Ohio St. 2d 128, *certiora denied*, 395 U. S. 163. Specifically, as to assignment of error No. 1 that the resolution was in the nature of an *ex post facto* law, we find this contention to be without merit. The resolution does not aim at punishing an individual for past activity but for failure to comply in the present. *Cf. Flemming* v. *Nestor* (1960), 363 U. S. 603; *Samuels* v. *McCurdy* (1925), 267 U. S. 188; *Barbour* v. *Georgia* (1919), 249 U. S. 454.

Courts have frequently recognized the reasonableness of junkyard regulations in view of the tendency of junkyards to become repositories for stolen goods. Annotation, 45 A. L. R. 2d 1391, Section 3(A).

Record-keeping regulations have been upheld by many courts. *Gospel Army* v. *Los Angeles* (1945), 27 Cal. 2d 232, 163 P. 2d 704, *appeal dismissed,* 331 U. S. 543 (junk-yard operator required to file daily reports to police); Annotation, 45 A. L. R. 2d 1391, Section 13; *Goodman* v. *Youngstown, supra; Newman* v. *Carson* (Fla. 1973), 280 So. 2d 426; *cf. Dennis* v. *State* (1931), 41 Ohio App. 573; *Shonberg* v. *State* (1919), 14 Ohio App. 26. Therefore, assignments of error 1 through 6[2] are well taken.

*Judgment reversed.*

Brown, P. J., and Potter, J., concur.

---

[2]"1. The Court erred in determining that a township zoning regulation providing that the owners of nonconforming junk yards must maintain a list of vehicles in stock and submit such a list to the township upon the request of the zoning commission or board of trustees, is *ex post facto* and thus unconstitutional.

"2. The Court erred in determining that a township zoning regulation providing that the owners of non-conforming junk yards must maintain a list of vehicles in stock and submit such a list to the township upon the request of the zoning commission or board of trustees, is a taking without due process of law contrary to the Fourteenth Amendment of the United States Constitution.

"3. The Court erred in determining that a township zoning regulation providing that the owners of non-conforming junk yards must maintain a list of vehicles in stock and submit such a list to the township upon the request of the zoning commission or board of trustees, is unreasonable and not in furtherance of a legitimate exercise of the township police power."

"4. The court erred in determining that a township zoning regulation providing that the owners of non-conforming junk yards must maintain a list of vehicles in stock and submit such a list to the township upon the request of the zoning commission or board of trustees, is unreasonable and not in furtherance of public health, safety, morals and welfare.

"5. A township zoning regulation providing that the owners of non-conforming junk yards must maintain a list of vehicles in stock and submit such a list to the township upon the request of the zoning commission or board of trustees, is a reasonable regulation in furtherance of the township police power.

"6. A township zoning resolution may regulate nonconforming uses so long as such regulation is reasonable and in furtherance of the township police powers to regulate in the interest of public health, safety, morals and welfare."