**FRIEDMAN v. WASHBURN CO.**

No. 8501.

Circuit Court of Appeals, Seventh Circuit.

Dec. 1, 1944.

716

Harold R. Nettles, of Freeport, Ill., and Maxwell E. Sparrow, of New York City, for appellant.

Andrew F. Wintercorn, of Rockford, Ill., and Irvin H. Fathchild, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

Plaintiff appeals from an order granting defendant's motion for judgment on the pleadings and dismissing his complaint. By his action he sought to have defendant declared a trustee ex maleficio of a certain patent, for assignment of that patent, for an accounting and damages for its alleged misappropriation, and for other relief.

The pleadings on which the judgment was entered consisted of an amended complaint and the answer thereto. Defendant attached to his motion for judgment, a number of exhibits, and filed therewith a stipulation of facts entered into pursuant to pre-trial conference order.

Jurisdiction was asserted by the bill of complaint to depend on diversity of citizenship, the requisite amount of over $3,000 being in controversy, and the provisions of the Declaratory Judgment Act, 28 U.S.C.A. § 400. By his amended bill appellant alleged that both parties were engaged in the business of manufacturing and selling various articles including household strainers; that he had invented a new type of such strainer, consisting of a metal bowl and a plastic handle with a ring portion to which the bowl was united by compression under heat. He alleged that he had disclosed his invention to appellee, including his method of carrying it out, submitting certain drawings and models including a preformed thermoplastic handle having a grooved ring portion adapted to receive a strainer bowl, and offered to sell an interest in it, with the understanding that the disclosure was to be kept confidential if the offer were not accepted; that appellee had never, prior to the disclosure, manufactured or used a preformed thermoplastic handle with a grooved portion adapted to receive a strainer, and that appellant was the first to disclose this to it. Notwithstanding the fact that this invention was the property of appellant, and that it was confidentially disclosed to appellee, appellant alleged that appellee wrongfully appropriated the invention and thereafter fraudulently caused the filing of an application by one of its employees for a patent covering the invention, which patent was subsequently assigned to itself, and which it has since 1939 used for the manufacture of strainers. Appellant further alleged that he was barred from securing a patent covering his invention by the wrongful conduct of appellee, and that as a result of appellee's use of the patent it wrongfully obtained, it is receiving large profits which rightly belong to himself.

As a second cause of action, appellant further alleged that prior to February 1938, he had conceived and invented improvements in three types of strainers, one of which embodied a metallic bowl removably secured to the ring portion of a preformed thermoplastic handle, a second, with the bowl permanently attached to the thermo-

plastic handle, and the third, with the bowl permanently secured to a preformed metallic handle. He alleged that he made complete and workable disclosures of all these improvements to appellee; that the first was the subject of a pending application which matured into a patent issued to him; and that he also showed how the same bowl and thermoplastic ring and handle could be employed for the second improvement; that appellee's officer in control of the business requested that he leave all the devices, drawings, and a copy of the patent application for their consideration in working out an arrangement either on a royalty or outright purchase basis; that later he was induced to discontinue exploitation of his second improvement (attaching as an exhibit the letter of the officer relied upon to show discouragement of this idea); that appellee surreptitiously obtained from him the methods and means of producing thermoplastic handles with grooved ring portions, drawings thereof, places where they might be manufactured, samples of his handles, and concealed from him that it was preparing for production of the strainer embodying his ideas for its own benefit, and that it was preparing an application for a patent embodying his conception, which patent was later obtained by its employee, Williams, May 6, 1941. In support of the allegations of the bill of complaint, appellant attached as exhibits photographs of its models, drawings, letters pertaining to their business relations, and a copy of the Williams patent.

Appellant asked that appellee be declared a trustee ex maleficio of the Williams patent and all others covering this invention or related thereto; that appellee be enjoined from the use of the invention and from manufacturing or selling utensils involving the appellant's invention, and from assigning or granting licenses under the patent other than to appellant's nominees; that appellee be directed to assign the patent to appellant; for an accounting of all profits from the use of it and for damages; and other relief.

For answer appellee set up numerous defenses: Failure to state a claim; general denial of all allegations of misconduct; denial of any confidential disclosure or fiduciary relationship between the parties; denial that the subject matter of the Williams patent was in any way involved in the disclosures and asserting that that patent was independently conceived and developed; averment that the only disclosure made to

it was substantially what was claimed in the Friedman patent, whereas what appellant alleged was disclosed involved nothing novel or patentable over the prior art, specifying twelve patents alleged to anticipate appellant's alleged invention. Appellee also averred general notice of its patent rights under Williams from the middle of 1939.

After pre-trial conference and the filing of a stipulation of facts, appellee filed its motion for judgment on the pleadings, setting up various grounds therefor, raising both factual and legal issues: Contravention of the patent laws; absence of power in the Federal Court to grant the relief prayed; negligence and inexcusable delay showing on the face of the complaint; estoppel; lack of elements of a confidential disclosure action. Appellee also asserted that the action did not fall within the provisions of the Declaratory Judgment Act.

 Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c under the authority of which appellee filed its motion, provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." This motion, of course, deals only with questions of law arising on the pleadings, and in considering it, all facts alleged by the plaintiff must be taken to be true, the question being whether upon those facts the plaintiff has stated a cause of action. Art Metal Const. Co. v. Lehigh Structural Co., 3 Cir., 116 F.2d 57. In Ulen Contracting Corp. v. Tri-County Electric Co-op., 1 F.R.D. 284, 285, the court said, "Judgment is proper on the motion only where no material issue of fact is presented by the pleadings. * * * 'Such a judgment is allowable not for lack of proof, but for lack of an issue; hence, it is proper where the pleadings entitle the party to recover without proof, as where they disclose all the facts, or where the pleadings present no issue of fact or an immaterial issue.' "

 It is obvious from our study of the complaint and answer that many facts were in dispute and that such dispute could not be resolved by a simple study of those pleadings without more. Of course, if the facts did not entitle appellant to relief anyway, the dispute was immaterial, and appellee was entitled to judgment on its motion, as a matter of law. But is it clear that appellant's complaint stated no cause of action? So far as we can see, this is

true in only one respect, no facts were stated which entitled him to relief under the Declaratory Judgment Act. However, appellant also asserted jurisdiction on the ground of diversity of citizenship and the involvement of over $3000 in controversy. Hence if any facts were stated which entitled him to any relief, the federal courts had jurisdiction to grant that relief.

■ Appellee asserts that appellant's action contravenes the patent laws. Its theory as to this is that in asking for the assignment of the patent and that appellee be declared a trustee ex maleficio of it, he challenges the validity of the patent which must fall if it was not granted to the original and sole inventor of the device; that "the objective of the complaint is in conflict with the provisions and policy of the Patent Laws," which provide ample remedies for a claimant who asserts that another has misappropriated his invention. This is true so far as this part of appellant's prayer for relief is concerned, and undoubtedly it would have been error for the court to decree this particular form of relief. Kennedy v. Hazleton, 128 U.S. 667, 9 S.Ct. 202, 32 L.Ed. 576; Becher v. Contoure Laboratories, 279 U.S. 388, 49 S.Ct. 356, 357, 73 L.Ed. 752. However, appellant asked for other relief.

In the Becher case, above, it was clearly held that where an inventor confidentially disclosed his unpatented invention to another, he might obtain relief from that other for willful misappropriation of his invention, and that a state court had jurisdiction to render such relief notwithstanding the fact that he mistakenly asked also for assignment of the patent which by the very adjudication of his right to relief was shown to be invalid. The Court there said, "It is plain that that suit [in the state court] had for its cause of action the breach of a contract or wrongful disregard of confidential relations, both matters independent of the patent law, and that the subject matter of Oppenheimer's claim was an undisclosed invention which did not need a patent to protect it from disclosure by breach of trust." See also Saco-Lowell Shops v. Reynolds, 4 Cir., 141 F.2d 587; Booth v. Stutz Motor Car Co., 7 Cir., 56 F.2d 962; Chesapeake & O. R. Co. v. Kaltenbach, 4 Cir., 95 F.2d 801; and Liquid Carbonic Corp. v. Goodyear Tire & Rubber Co., D.C., 38 F.Supp. 520.

■■ We think there can be no doubt but that if, in fact, appellee did misappro-

priate an invention confidentially disclosed to it by appellant, the latter is entitled to relief (Cf. Shellmar Products Co. v. Allen-Qualley Co., 7 Cir., 36 F.2d 623; Id., 7 Cir., 87 F.2d 104), and that he is not confined to the procedure provided by the patent laws to obtain such relief. We of course express no opinion as to whether appellant is in fact entitled to any relief, merely holding that the bill, while inartistically drafted, does allege sufficient to entitle appellant to relief for "wrongful disregard of confidential relations" provided appellant can support these allegations by sufficient proofs. The fact that such relief may not be in the full measure prayed by him in his bill is immaterial.

■ The other grounds for the motion for judgment involve factual issues. Even these may perhaps be resolved in favor of appellee if the court finds that they are so immaterial as to present no issue at all. "Strictly a motion for judgment on the pleadings must be sustained by the undisputed facts appearing in all the pleadings, supplemented by any facts of which the court will take judicial notice. But since Rule 56 authorizes a summary judgment, the court would be warranted in entering a judgment in the following situations: (1) When on the undisputed facts appearing from the pleadings one party is entitled to judgment as a matter of law; and (2) when it is made to appear from the pleadings, affidavits, or depositions that there is no substantial dispute as to certain facts which warrant a judgment for one party as a matter of law, although some of those facts may be in issue under the pleadings." 1 Moore's Federal Practice, § 12.05. However, we cannot say such a situation is presented here. Hence we are convinced that the action of the court in granting the motion for judgment on the pleadings and dismissing the complaint was erroneous.

■ Appellee raises another issue before this court, namely, that it was entitled to judgment under the "two-dismissal" rule. To support this contention it points to an exhibit attached to its motion for judgment showing that suit was originally brought in the United States District Court for the Southern District of New York against appellee here and two of its agents and employees, which suit was voluntarily dismissed under Rule 41(a) (1) (i) following the defendants' motion to dismiss for lack of jurisdiction and improper

venue. The action here involved was originally brought against the same three defendants, and, on their motion to dismiss, appellant, by leave of court, amended its complaint, omitting the two agents and employees as parties and stating its complaint against appellee, the corporate defendant, alone. Defendants' motion to dismiss was denied. The rule involved provides that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. We think the matter was improperly made a part of the record, a motion for judgment on the pleadings being no place to attach exhibits, stipulations or other evidential matters. Snowhite v. Tide Water Associated Oil Co., D.C., 40 F. Supp. 739; Cf. United States Trust Co. v. Sears, D.C., 29 F.Supp. 643; Palmer v. Palmer, D.C., 31 F.Supp. 861. However, apart from that, we do not agree with appellee's contention that the action here taken constitutes a dismissal as to it, even though the individual defendants would be protected by the rule from further suit on the same claim.

Judgment reversed and cause remanded for further proceedings.