## ROBERTSHAW–FULTON CONTROLS CO. v. NOMA ELECTRIC CORPORATION.

### Civ. A. No. 4218.

United States District Court
D. Maryland.

Jan. 23, 1950.

WILLIAM C. COLEMAN, Chief Judge.

This matter is before the Court on defendant's motion for an order dismissing the suit with prejudice under Rule 41 (a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that plaintiff had previously dismissed a suit which it had filed in the District Court for the Southern District of New York on the same claim, the Rule just referred to providing that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

The material facts are as follows: On November 5, 1948, the plaintiff, a Delaware corporation, filed suit in this Court against the defendant, a Maryland corporation, seeking a declaratory judgment pursuant to the provisions of Section 274d of the Judicial Code, now 28 U.S.C.A. §§ 2201, 2202, with respect to the rights of plaintiff and defendant in certain patents relating to devices for thermostatic controls on stoves. Previously, that is, on September 7, 1948, plaintiff had filed a similar suit in the District Court for the Southern District of New York against another, the parent, company, bearing the same name but incorporated under the laws of New York. This suit had been brought under the belief that the New York corporation and not the Maryland corporation owned the patents involved. However, upon being informed to the contrary, plaintiff brought suit in this court against the Maryland corporation and shortly thereafter, that is, on November 19, 1948, dismissed the New York action.

With plaintiff's consent the time within which defendant was required to answer or otherwise plead to the complaint in the suit in this Court, was extended, and on March 2, 1949, defendant filed a motion to dismiss the complaint on the ground that this Court was without jurisdiction because there was no actual controversy between the parties. While this motion was still pending, that is, on July 6, 1949, counsel for defendant presented to counsel for

Bartlett, Poe & Claggett, of Baltimore, Md., Edgar Allan Poe, of Baltimore, Md., and Webb, Mackey & Burden, of Pittsburgh, Pa., for plaintiff.

Semmes, Bowen & Semmes, of Baltimore, Md., Richard F. Cleveland, of Baltimore, Md., Greer Maréchal and Greer Maréchal, Jr., of Dayton, Ohio, and Daniel L. Morris, of New York City, for defendant.

plaintiff for their approval, a form of motion for an order substituting the New York corporation for the Maryland corporation in the present suit, on the ground that by merger of the two corporations, on or about May 29, 1949, the New York parent corporation had absorbed and succeeded to all the rights, etc. of the Maryland subsidiary corporation. Plaintiff's counsel refused to consent to this proposed substitution of parties defendant, and on July 25, defendant filed in this court its motion for substitution which was never brought up for hearing, since three days prior thereto, that is, on July 22, plaintiff filed notice of dismissal of the present suit, this notice stating that "pursuant to the provisions of Rule 41 (a), paragraph (1), plaintiff hereby dismisses the above-entitled case without prejudice and without costs." Two days earlier, that is, on July 20, 1949, plaintiff had instituted another suit against the New York corporation in the District Court for the Southern District of New York on the same claim. Thereupon, on August 3, defendant filed a motion in the proceeding in this Court to strike out plaintiff's notice of dismissal of July 22, or, in the alternative, for an order dismissing the action with prejudice pursuant to Rule 41 (a) (1). Defendant has also filed a similar motion in the third suit in the District Court for the Southern District of New York seeking dismissal of that suit on the ground that plaintiff having dismissed the first suit brought in that Court, its filing of the notice of dismissal in the suit in this, the Maryland District Court, amounts to an adjudication on the merits under Rule 41 (a) (1). The motion in the District Court in New York came on for hearing on October 25, 1949, but after arguments of counsel thereon, the Court declined to dispose of the matter pending a decision on the similar motion filed in this Court. On December 8, plaintiff filed in this Court notice of withdrawal of its notice of dismissal of its suit filed on July 22, defendant's motion filed August 3 having already been set for hearing on the following day, December 9.

At the hearing of defendant's motion which, as above stated, was framed in the alternative, namely, that (1) plaintiff's notice, filed July 22, of its dismissal of the present suit be struck out or (2) that this notice of dismissal be declared to operate as an adjudication on the merits and that the dismissal was therefore with prejudice, defendant insisted that it was entitled to an order of this Court to the latter effect. After full consideration of the oral arguments of counsel and the briefs filed, including the supplemental briefs which the Court permitted to be filed following the hearing, the Court reaches the conclusion that defendant's position is correct and that, therefore, it is entitled to an order dismissing the present action with prejudice.

We find no ambiguity in the words employed in Rule 41 (a) (1) and we have no doubt that the Rule applies to the present situation. This part of the Rule relates to voluntary dismissal of actions, that is, by plaintiff or by stipulation, without order of Court. After describing the two ways in which such dismissal may take place, namely, (1) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (2) by filing a stipulation of dismissal signed by all parties who have appeared in the action, the Rule provides that "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.*" (Emphasis supplied.) It is clear from this language that the plaintiff in the present case could not, by the mere recital in its notice of dismissal of July 22, 1949 that such notice is "without prejudice and without costs," defeat the express language of the Rule above quoted. The present plaintiff had, prior to July 22, 1949, that is, on November 19, 1948, dismissed the action which it had filed in the District Court for the Southern District of New York "based on or including the same claim" as that involved in the present suit in this court.

██ If defendant's motion, filed on March 2, to dismiss the complaint for want of jurisdiction is to be treated as a motion for summary judgment, then defendant may not invoke the "two-dismissal" Rule, because the notice of dismissal relied upon must, under the Rule, antedate an answer or a motion for summary judgment which would not be true in the present case because the notice of dismissal was not filed in this Court until July 22. But defendant's motion of March 2 for dismissal of the complaint is not to be treated as a motion for summary judgment. Plaintiff concedes this. See Jones v. Brush, 9 Cir., 143 F.2d 733. No such motion or an answer has ever been filed. Also, plaintiff could not defeat defendant's right under the "two-dismissal" Rule by filing, on December 8, that is, more than four months after defendant's motion under that Rule was filed, and just prior to the hearing thereon, a notice of withdrawal of its notice to dismiss the action.

██ It is argued on behalf of plaintiff that before Rule 41 (a) (1) can be given the interpretation which we place upon it, the defendants in both suits must be the same. With this we do not agree. It is true that subdivision (d) of Rule 41 provides for the awarding of costs in a previously dismissed action "based upon or including the same claim against the same defendant". However, there is no such qualification in subdivision (a) of the Rule, of the words "the same claim", and this omission, we believe, is to be treated as indicating that no such qualification was intended. These two different paragraphs of Rule 41 deal with different subject matter. Apart from this construction which we believe is required, at the time the notice of dismissal was filed in this court, the real defendant in this suit was actually the same defendant as in the previously dismissed New York suit by reason of the merger of the wholly-owned Maryland subsidiary corporation into the New York parent corporation, under the statutes of both Maryland and New York, pursuant to which the merger was accomplished. Rule 25 (c) expressly provides that the court may direct the substitution of one corporation for the other. It is precisely the pursuit of such duplicative, wasteful and harassing litigation illustrated by the present case that the "two-dismissal" Rule aims to discourage and prevent. Further, it appears that counsel for both parties have abused the Rules of Civil Procedure through an excessive resort to motions and through dealing at arms length with each other, instead of resorting to pre-trial conferences, formally or informally, in an intelligent and timely effort to determine necessary facts.

The decision of the Court of Appeals for the Seventh Circuit in Friedman v. Washburn Co., 145 F.2d 715, on which counsel for plaintiff relies, is not decisive of the precise question now before us. The facts are different. There, the plaintiff had dismissed an earlier action against a corporation and two of its employees. In the later suit, plaintiff sued these same three defendants and by leave of court amended its complaint in this second action, dropping the individual defendants, and the suit continued against the corporate defendant. In the Friedman case there was no notice of dismissal in the second suit, and the primary question presented arose under Rule 12 (a) as to whether the defendant was entitled to have granted its motion for judgment on the pleadings. The appellate court found the District Court to have erred in granting such motion. At the close of its opinion the Court considered what was apparently merely a secondary argument advanced by appellee, namely, that it was entitled to judgment under the "two-dismissal" principle of Rule 41 (a) (1). As to this, the Court said, 145 F.2d 715, at page 718-719: "Appellee raises another issue before this court, namely, that it was entitled to judgment under the 'two-dismissal' rule. To support this contention it points to an exhibit attached to its motion for judgment showing that suit was originally brought in the United States District Court for the Southern District of New York against appellee here and two of its agents and employees, which suit was voluntarily dismissed under Rule 41 (a) (1) (i) following the defendants' motion to dismiss for lack of jurisdiction and improper

venue. The action here involved was originally brought against the same three defendants, and, on their motion to dismiss, appellant, by leave of court, amended its complaint, omitting the two agents and employees as parties and stating its complaint against appellee, the corporate defendant, alone. Defendants' motion to dismiss was denied. The rule involved provides that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. We think the matter was improperly made a part of the record, a motion for judgment on the pleadings being no place to attach exhibits, stipulations or other evidential matters. * * * However, apart from that, we do not agree with appellee's contention that the action here taken constitutes a dismissal as to it, even though the individual defendants would be protected by the rule from further suit on the same claim."

Counsel for plaintiff in the present case contend that the last statement above quoted from the opinion in the Friedman case is applicable to the situation before us. It is contended that since, in the Friedman case, the second voluntary dismissal of two defendants by amendment of the complaint relieved them from further suit although the corporate defendant was not so relieved, the situation is parallel in the present case because there has been a dismissal by stipulation as to the New York Noma corporation and also a dismissal as to the Maryland Noma corporation. However, under the Friedman decision the latter dismissal cannot accrue to the benefit of the Maryland corporation, or vice versa. Assuming, without attempting to decide that such construction should be placed upon the language of the court in the Friedman case last above quoted, in any event, as just explained, it is no more than dictum; not made as part of the ratio decidendi of the case and not even mildly persuasive of the contention made on behalf of plaintiff in the case before us, because the precise question here to be decided was clearly not before the court in the Friedman case.

For the reasons given an order will be signed granting defendant's motion to dismiss the present suit, with prejudice.