Fred ENGELHARDT, d/b/a Engelhardt's Camera Store, Appellant,

v.

BELL & HOWELL COMPANY, a corporation, Appellee.

No. 16746.

United States Court of Appeals Eighth Circuit.

Feb. 20, 1962.

Sylvan Agatstein, St. Louis, Mo., for appellant; Gerhard J. Petzall, of Shifrin, Treiman, Agatstein & Schermer, St. Louis, Mo., on the brief.

Richmond C. Coburn, St. Louis, Mo., for appellee; Thomas L. Croft and Gerald M. Smith, of Coburn, Croft & Cook, St. Louis, Mo., J. R. Blomquist, of Campbell, Miller, Carroll & Paxton, Chicago, Ill., on the brief.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges. .

VOGEL, Circuit Judge.

Fred Engelhardt, d/b/a Engelhardt's Camera Store, hereinafter referred to as plaintiff, appeals from a judgment of the District Court sustaining Bell & Howell Company's (referred to here as defendant) motion for summary judgment based on the grounds that under Rule 41(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., two voluntary dismissals of a prior suit operated as an adjudication upon the merits, thus preventing maintenance of this suit.

Plaintiff is the operator of a retail store handling photographic equipment in St. Louis, Missouri. Defendant is an Illinois corporation not licensed to do business in Missouri, and is engaged in the manufacture and distribution of photographic equipment. This is the third action brought by the plaintiff against the defendant based upon or including the same claim—damages arising out of alleged violations by the defendant of the Missouri anti-trust laws. The record indicates the following:

On June 23, 1959, plaintiff brought an action in the Circuit Court of the City of St. Louis against the defendant, which cause was on July 21, 1959, removed to the United States District Court, jurisdiction being satisfied through diversity of citizenship and amount. This will be referred to as the first action. Defendant, appearing specially, made a motion to dismiss such suit for lack of jurisdiction over the defendant or in the alternative a motion to quash service of process on the defendant. Defendant supported its motion with affidavits and a memorandum. On December 8, 1959, the District Judge ordered the quashing of the service of process

"* * * for the reason that said service was not had in compliance with the laws and statutes in such cases made and provided."

On March 10, 1960, the then counsel for plaintiff (who is not representing plaintiff in the appeal now before us) filed the following:

"Memorandum for Clerk: Plaintiff dismisses within cause, without prejudice and at plaintiff's costs."

On March 8, 1960, two days prior to the above dismissal, the plaintiff filed a second action against the defendant in the Circuit Court of the County of St. Louis, State of Missouri, basing it upon the same claim as involved in suit No. 1. On March 21, 1960, this second action was also removed to the United States District Court. Therein the defendant, again appearing specially, moved the court "to dismiss the petition herein and to quash the writ of attachment herein and writs of garnishment herein", basing such motion on jurisdictional venue and insufficient service of process grounds. Defendant again filed a memorandum and affidavits in support of its motion. On May 11, 1960, plaintiff's counsel filed with the clerk of court the following:

"This is to advise you that we do not wish to argue the Motion to Dismiss filed by Defendant in connection with the captioned case, and will agree to submit same."

On June 30, 1960, plaintiff's counsel filed the following "Memorandum for Clerk", stating:

"Plaintiff dismisses within cause, without prejudice and at plaintiff's costs."

Counsel at this second dismissal was the same as counsel who filed the dismissal in the first case. Dismissal on the second case was made *prior* to the District Court's ruling on defendant's motion to dismiss.

Several months subsequent to the dismissal of the second action, the plaintiff, with new counsel, brought suit for the third time, no attempt being made to withdraw the dismissal of the second action and to reinstate it. The instant action is then the third separate attempt by plaintiff to recover from the defendant for the same claim. Defendant again removed to federal court and on November 8, 1960, filed its motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., basing such motion on the two voluntary dismissal provision contained in Rule 41(a) (1). It is from the granting of such motion that appeal is taken herein.

Rule 41(a) (1) and (2), Federal Rules of Civil Procedure, 28 U.S.C.A., provides, insofar as it is pertinent herein, as follows:

"(a) *Voluntary Dismissal: Effect Thereof*

"(1) *By Plaintiff;* * * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.* (Emphasis supplied.)

"(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

By the salutary provisions of Rule 41, a plaintiff is given the right to dismiss a first suit at an early stage. Plaintiff may do so without prejudice and with no terms or conditions attached thereto. The rule also, however, protects a defendant by providing that if the plaintiff takes advantage of his right of early dismissal on one occasion, he may not repeat the process with impunity. If he wishes to escape the effect of the two dismissal rule, he is required then to obtain a dismissal by the court under (a) (2), "upon such terms and conditions as the court deems proper."

Professor Moore has stated the purposes of Rule 41 in 5 Moore's Federal Practice, (2d Ed.), § 41.02, p. 1007:

"The purpose of the first sentence of Rule 41(a) (1) is to facilitate the voluntary dismissal of an action, but safeguard abuse of the right by limiting its application to an early stage of the proceedings. * * *"

As to the purpose of the two dismissal exception, he states at § 41.04, pp. 1014–1015:

"* * * The principle of that exception is found in some statutes, and was applied in law actions by the federal courts under the Conformity Act. The ease with which a voluntary dismissal may be secured in the early stage of an action under Rule

41(a) (1) made this provision practically necessary to prevent an unreasonable use of dismissal."

In the second suit commenced by plaintiff, he had a writ of attachment issued to the sheriff of the City of St. Louis and ran four garnishments on customers of the defendant. In the third suit (the instant one) the plaintiff again ran garnishments on defendant's customers, tying up and attaching substantial properties until the writs of attachment and writs of garnishment were dissolved by order of court on November 28, 1960, for failure to comply with basic requirements. It would seem that the two dismissal rule was propounded to meet just this kind of situation. Certainly the commencement of three separate actions against the same defendant for the same claim with attendant garnishments and attachments, the necessary expense and inconvenience in connection therewith, the employment of counsel, the removal of each case to federal court and the effect on defendant's customers may well have totalled up to be harassment (whether intentional or not) which the two dismissal rule sought to avoid or penalize. Had the plaintiff proceeded in the second suit under (a) (2), the court, if it thought plaintiff should have been allowed to dismiss without prejudice, would have granted dismissal upon such terms and conditions as it thought proper. The court might have based such terms on the expense to which defendant had been put by plaintiff's actions. 5 Moore's Federal Practice, (2d Ed.), § 41.06, p. 1025. Defendant must have been put to substantial expense in the first suit and very probably incurred a greater expense in the second suit. The District Court, in passing on a motion for dismissal of the second suit without prejudice, might well have taken into consideration, in fixing the terms and conditions, the matter of reimbursement to the defendant for the defendant's forced expenditures in the two suits.

Plaintiff would first seek to escape the two dismissal rule by claiming that his prior counsel was without authority to file a notice of dismissal in the second action. Supportive of that contention, plaintiff filed an affidavit in which he stated that he retained counsel to represent him in the prosecution of his claim against the defendant in each of the two prior suits; that he learned about the dismissal of the first suit approximately two months after March 10, 1960 (the date it was dismissed). He stated that the second suit was dismissed on June 30, 1960, without his knowledge and that he was not advised of such dismissal until on or about July 21, 1960; that he did not request, direct, authorize or consent to the dismissal of the second suit by his then attorney; and that such attorney had no authority from him to "settle, compromise or terminate said litigation, or any authority whatsoever except to prosecute said cause of action". He further stated that he employed his present counsel on or about July 21, 1960, to investigate the status of his litigation and to prosecute his claim against the defendant, and that at that time he was first advised of the dismissal of the second action. After learning of the dismissal of the second suit, plaintiff took no steps to revive or reinstate it. He made no direct attack on its validity. Instead, he waited until October 4, 1960, and then commenced a third suit for the same claim. His affidavit that he did not authorize the dismissal of the second suit was not filed until February 21, 1961, the day the order of the District Court sustaining defendant's motion for summary judgment was filed, and such affidavit was filed in the third suit and not the second, which plaintiff attempts to attack.

■ The general rule is that an attorney has no implied authority to settle or compromise or dismiss his client's cause of action with prejudice. Couch v. Landers, Mo., 1958, 316 S.W.2d 588, 593–594; Sudekum v. Fasnacht's Estate, 1942, 236 Mo.App. 455, 157 S.W.2d 264, 266; 7 C.J.S., Attorney & Client, § 87, pp. 908–909; 56 A.L.R.2d 1290, 1292–1293. He does have, where employed to prosecute litigation, implied power to take all action with reference to procedural

matters, including the power to dismiss without prejudice. 7 C.J.S., supra, § 80, pp. 898–900; 56 A.L.R.2d 1290, 1291–1292. In the instant case, it is the latter action which counsel took, that is, dismissed without prejudice and without order of court, thus avoiding the exposure to possible terms and conditions.

■ But even if the facts should indicate that plaintiff ought to be relieved of the consequences of the action of his former attorney in dismissing the second suit,[1] summary judgment was nevertheless properly granted in this, the third suit. By the express terms of Rule 41 (a) (1) the second voluntary dismissal by plaintiff "operates as an adjudication upon the merits". Robertshaw-Fulton Controls Co. v. Noma Elec. Corp., D.C. Md., 1950, 10 F.R.D. 32. Thus, the doctrine of res judicata is applicable. See Angel v. Bullington, 1947, 330 U.S. 183, 190, 67 S.Ct. 657, 91 L.Ed. 832; Hubbard v. B. & O. Ry. Co., 6 Cir., 1957, 249 F.2d 886 and cases cited therein. The appropriate remedy here was to move to set aside or vacate the dismissal of the second action. Cf. United States v. Beebe, 1901, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563; Fox v. McGrath, 2 Cir., 1945, 152 F.2d 616, 618, certiorari denied 327 U.S. 806, 66 S.Ct. 966, 90 L.Ed. 1030; Preveden v. Hahn, D.C.S.D.N.Y., 1941, 36 F.Supp. 952; Levee District No. 4 of Dunklin County v. Small, Mo.App.1955, 281 S.W.2d 614. The filing of plaintiff's affidavit in the third suit is nothing more or less than a collateral attack on the second dismissal which, under the rule, became an adjudication on the merits. Such collateral attack is proscribed by an abundance of authority. Judge John Sanborn, speaking for this court in Guettel v. United States, 8 Cir., 1938, 95 F.2d 229, 232, 118 A.L.R. 1060, certiorari denied 305 U.S. 603, 59 S.Ct. 64, 83 L.Ed. 383, said:

"* * * The rule of res judicata is based upon that public policy

which requires that a single controversy which is capable of being completely determined in one suit shall be ended by the judgment in that suit, and shall not become the subject matter of subsequent litigation. * * * Moreover, while a judgment upon the merits may be set aside for equitable reasons in a direct proceeding brought for that purpose, it may not be impeached collaterally. 'To hold, therefore, that the conclusive effect of a judgment either as an estoppel or as a merger or bar may be escaped by showing even justifiable ignorance of the existence of facts or evidence which might otherwise have been presented, or of other grounds upon which an omitted or rejected claim might have been sustained, is a clear violation of the fundamental policy and purpose of the doctrines of res judicata and collateral attack.' Freeman on Judgments, 5th Ed., Vol. 2, § 553, p. 1178." (Emphasis supplied.)

This court also said in State of Missouri ex rel. and to Use of Stormfeltz v. Title Guaranty & Surety Co., 8 Cir., 1934, 72 F.2d 595, 598, certiorari denied 294 U.S. 708, 55 S.Ct. 404, 79 L.Ed. 1242:

"If the judgment here attacked is voidable only, that is irregular or defective to such an extent that it would be set aside or annulled on a proper direct application for that purpose, still it would not be subject to collateral impeachment." (Emphasis supplied.)

See also Mellen v. Moline Malleable Iron Works, 1889, 131 U.S. 352, 367, 9 S.Ct. 781, 33 L.Ed. 178; La Presto v. La Presto, Mo.1955, 285 S.W.2d 568, 570; 49 C.J.S., Judgments, § 401.

■ Plaintiff's contention that the dismissal of the first action was a mere nullity and can be disregarded because the dismissal was filed at a time before the

---

[1] Cf. O'Connell v. Dockery, Mo.App.1937, 102 S.W.2d 748, 751, and Levee District No. 4 of Dunklin County v. Small, Mo. App.1955, 281 S.W.2d 614, 617–618.

court had acquired jurisdiction over the defendant is without merit. Jurisdiction over a defendant is not essential to the commencement of an action. Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"A civil action is commenced by filing a complaint with the court."

Rule 81(c) says:

"These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. * * * "

It is the filing of the complaint alone which commences the action and not the service of process on defendants named therein. Even if the process be quashed, as in the first case, jurisdiction may be retained in the federal courts. 28 U.S.C.A. § 1448.

■ Plaintiff argues that even if the dismissal of the second action can be construed as an adjudication upon the merits, such construction is in violation of Congressional restriction on the rule-making power of the Supreme Court [2] and, further, contravenes the Seventh Amendment to the Constitution of the United States guaranteeing the right to trial by jury. Neither contention is meritorious. The Federal Rules of Civil Procedure are exactly what they are termed—rules of procedure. They regulate, guide and control the commencement, trial and disposition of actions based upon substantive rights. Without them, or some similar rules or guides, our courts would be in constant chaos. If the plaintiff could conceivably be right, then, for example, Rule 38, which makes necessary demand for jury trial not later than ten days after service of the last pleading directed to issue, also contravenes the Seventh Amendment to the Constitution if it prohibits one who does not make such demand from having a jury trial. But such is not the law. In Yakus v. United States, 1944, 321 U.S.

414, 444, 64 S.Ct. 660, 88 L.Ed. 834, the Supreme Court said:

"No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. O'Neil v. [State of] Vermont, 144 U.S. 323, 331 [12 S.Ct. 693, 696, 36 L.Ed. 450]; Barbour v. [State of] Georgia, 249 U.S. 454, 460 [39 S.Ct. 316, 317, 63 L.Ed. 704]; Whitney v. [People of State of] California, 274 U.S. 357, 360, 362, 380 [47 S.Ct. 641, 642, 643, 650, 71 L.Ed. 1095]."

See also Wilson v. Corning Glass Works, 9 Cir., 1952, 195 F.2d 825, 827–828; Shotkin v. Westinghouse Elec. & Mfg. Co., 10 Cir., 1948, 169 F.2d 825. Innumerable similar examples clearly show the ineffectiveness of plaintiff's argument. The rule here in question is merely one of procedure which says, in effect, that one who starts an action may dismiss it at any time before service by the adverse party of an answer or motion for summary judgment, and that such dismissal is without prejudice excepting that when done twice the second such dismissal acts as an adjudication upon the merits and, of course, prevents further prosecution of the claim or demand.

■ To assert that plaintiff's counsel may have been ignorant of the two dismissal rule and the effect thereof, and that therefore plaintiff should be relieved of the effects is but to argue that an attorney has no authority to try a case incorrectly and that if he does, then his client is not bound by the result and should be excused from its consequences. The argument, in effect, is that there should be no rules if the violation of them results in the inability of a party to exercise substantive rights. Such contention is, of course, unsound. See Yakus, supra. Again, be that as it may, this is a collateral attack. The proper proce-

---

2. Section 2072, 28 U.S.C.A. prohibits the abridgement of substantive rights and preserves the right to trial by jury.

dure was a direct attack on the dismissal of the second case.

We have carefully considered all arguments made by plaintiff's present counsel and find them to be without merit.

Affirmed.