**TRACTORTECHNIC** Gebrueder Kulenkempft and Co., a foreign corporation, Technishe Gesellschaft, Plaintiff,

v.

John H. **BOUSMAN**, sole owner, doing business as Speed Cat Tractor Sales, Defendant.

No. 67–C–348.

United States District Court
E. D. Wisconsin.

Sept. 26, 1968.

---

David Rabinovitz, Sheboygan, Wis., for plaintiff.

James D'Amato and James J. Caldwell, Waukesha, Wis., Albert Levine, Jamaica, N. Y., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff brought this diversity action to recover for certain machinery that the defendant allegedly misappropriated. The plaintiff now seeks summary judgment, and the defendant has filed a cross motion for judgment on the pleadings.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff's motion for summary judgment is brought under rule 56, Federal Rules of Civil Procedure.

The plaintiff has filed an affidavit in support of his motion, but the defendant has not provided this court with any opposing documentary material. The defendant states in his brief that the plaintiff's affidavit had never been furnished to him. The court, however, need not resolve this problem concerning the affidavits because the plaintiff's affidavit must be disregarded for the purposes of this motion.

■ Subsection (e) of rule 56, Federal Rules of Civil Procedure, states that affidavits shall be made "on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The plaintiff's affidavit does not meet this test. It is no more than a sworn statement by the plaintiff's attorney that the allegations of the complaint are true, and that "as such attorney he is fully acquainted with the facts in this matter and has in his possession all of the necessary and relevant records concerning this matter."

■ The plaintiff's affidavit is not based on personal knowledge as required by the rule. See cases cited in 6 Moore's Federal Practice (2d ed.), ¶ 56.22[1] at 2803 n. 17. See also Banco de Espana v. Federal Reserve Bank of New York, 114 F.2d 438 (2d Cir. 1940). Mere restatements of the party's own allegations in the affidavit should be disregarded by the court. As stated in Belanger v. Hopeman Bros., Inc., 6 F.R.D. 459, 461 (D.Me.1947), "A party to an action cannot push the other party out of court by swearing he has no case."

■ The exclusion of this affidavit does not, of course, dispose of the motion. However, the pleadings alone, unaided by the affidavit, show that all essential factual allegations in the complaint are denied in the answer, thus raising issues of material fact. Therefore, the plaintiff's motion for summary judgment must be denied.

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

The defendant's motion for judgment on the pleadings is brought under rule 12(c) and (h), Federal Rules of Civil Procedure. The motion presents a defense of failure to state a claim upon which relief can be granted.

■ For purposes of this motion, all facts well pleaded by the plaintiff must be taken as true, and all reasonable inferences are to be taken against the movant. Friedman v. Washburn Co., 145 F.2d 715 (7th Cir. 1944); Brown v. Bullock, 194 F.Supp. 207 (S.D.N.Y.1961),

aff'd 294 F.2d 415 (2 Cir. 1961). The motion must be denied unless it appears certain that the plaintiff is entitled to no relief under any state of facts that could be adduced in support of its claim. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Brown v. Bullock, supra. In the *Bullock* Case, it is stated at page 247 of 194 F.Supp. that

> "It is reversible error to dismiss a complaint where 'under any reasonable reading, the complaint states a claim upon which relief can be granted,' although the complaint may contain 'ambiguities.'"

■ The complaint charges a conversion by the defendant. It is alleged that the plaintiff, as seller, retained title to certain goods which had been delivered to the defendant by Southern Tractor Parts Corporation. Southern Tractor, which is not a party to this law suit, purchased the goods from the plaintiff. It is further alleged that the defendant was informed of this retention of title. Title is alleged to have remained with the plaintiff "until payment in full of all claims due plaintiff". Although Southern Tractor allegedly failed to make payment on its contract, and although the defendant was warned that the goods belonged to the plaintiff, the defendant is charged with having disposed of such goods.

The final paragraph of the complaint states that "as a result of these transactions, defendant converted to his own use, without consent of the plaintiff" property belonging to the plaintiff.

The complaint is not a model of simplicity. Nevertheless, a liberal reading of the complaint forecloses the granting of the motion for judgment on the pleadings. In my opinion, it might be possible for the plaintiff to prove a set of facts in support of its claim so as to entitle it to relief.

Therefore, it is ordered that the plaintiff's motion for summary judgment and also defendant's motion for judgment on the pleadings be and hereby are denied.