**James E. CROWE, Trustee of the Estate of North St. Louis Hospital Association, Plaintiff,**

v.

**BLUE CROSS HOSPITAL SERVICE, INC. OF MISSOURI and Greater St. Louis Health Systems Agency, Defendants.**

No. 78–0762–C(C).

United States District Court,
E. D. Missouri, E. D.

Nov. 26, 1979.

Robert P. Baine, Jr., Clayton, Mo., Barry A. Short, James E. Crowe, St. Louis, Mo., for plaintiff.

Daniel T. Rabbitt, Jr., Robert F. Schlafly, Charles A. Newman, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on the motions to reconsider a portion of this Court's order and memorandum dated March 29, 1979, and the motions to dismiss filed by defendants. For the reasons stated below, the motion to dismiss of defendant Blue Cross is is granted. Because this dismissal is dispositive of plaintiff's entire claim, the remaining motions · to dismiss and/or reconsider are denied as moot.

Plaintiff originally filed its complaint in this action on July 25, 1978, under 28 U.S.C. § 1331 for alleged violations of 15 U.S.C. § 1, et seq. The substance of plaintiff's complaint is that the dispute in this case arose after control of a St. Louis hospital, formerly called the DePaul Community Health Center, Inc., was transferred to the plaintiff, North St. Louis Hospital Association ("Hospital"). After the change in ownership, defendants Blue Cross Hospital Service, Inc., of Missouri ("Blue Cross") and Greater St. Louis Health Systems Agency ("HSA") are alleged to have agreed to withhold Blue Cross certification from the Hospital so that it would fail. The allega-tion has been made that this withholding was based on racial considerations. Blue Cross is also alleged to have paid its insured patients in the Hospital less after the trans-fer of ownership,. and to have paid benefits to its insured patients after it had notice that the right to receive those benefits had been assigned to the hospital.

On February 7, 1979, Hospital was ad-judged bankrupt by order of this Court in Bankruptcy.

On May 10, 1979, James E. Crowe was appointed trustee of the estate of the bank-rupt Hospital and moved this Court to sub-stitute him as plaintiff because as the duly appointed trustee he was the real party in interest to prosecute this subject action. Plaintiff Crowe's motion was granted on June 28, 1979.

On May 2, 1979, co-defendant Blue Cross filed its motion to dismiss plaintiff's com-plaint on the basis of Rule 41, alleging that plaintiff has voluntarily dismissed this cause twice and that under the rule, plain-tiff's second voluntary dismissal operates as an adjudication on the merits and a bar to this action.

A review of the procedural history of this matter establishes clearly that Rule 41(a)(1) applies and plaintiff, by his second dismiss-al, is in fact barred from proceeding further with this suit.

(A) On October 13, 1977, plaintiff here-in filed suit against Blue Cross in the Circuit Court of the City of St. Louis, State of Missouri, being cause No. 71342. It is uncontested that plaintiff unilateral-ly dismissed its state suit on October 24, 1977. This dismissal was made on a court form captioned "Memorandum for Clerk," and is nearly identical to the form plaintiff used in dismissing his suit in the federal court.

(B) On January 19, 1978, plaintiff filed in this court its federal action based on the same facts as the earlier state action. This was Civil Action No. 78–0093–C (B). On April 11, 1978, the Hospital filed its first amended complaint in the federal action. This action was assigned to

Judge Regan. When nearly 100 individuals moved to intervene in the action, Judge Regan denied the motion. Thereafter, these individuals perfected an interlocutory appeal to the Eighth Circuit. After defendant Blue Cross had fully briefed its appeal in the Eighth Circuit, the individuals dismissed the appeal.

(C) On August 7, subsequent to the dismissal of the interlocutory appeal, plaintiff Hospital dismissed the federal action before Judge Regan. That dismissal was made on the district court's form captioned "Memorandum for Clerk." The exact wording was as follows: "Comes now the plaintiffs, North St. Louis Hospital Assn., and O. J. Ashwood, *et al.*, and by leave of Court dismisses its complaint # 78–0093C (B) without prejudice, at plaintiff's cost." This form was presented to Judge Regan who endorsed it: "So Ordered, John K. Regan, Judge."

(D) On July 25, 1978, plaintiff Crowe filed this second federal action, cause No. 78–0762–C (C), or the third suit arising out of the same factual allegations as the earlier actions.

Rule 41(a)(1), Fed.R.Civ.P., provides the procedure by which a plaintiff can effect a voluntary dismissal. This is dismissal of the "notice" variety as opposed to dismissal pursuant to a court order. It provides in pertinent part:

" . . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . .. Unless otherwise stated in the notice of dismissal . . ., the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

Rule 41(a)(2) provides the procedure by which dismissal may be obtained pursuant to a court order. Such a dismissal is without prejudice unless the order specifies otherwise.

Thus the relevant portion of Rule 41, paragraph (a)(1), provides that where plaintiff has once dismissed a suit on the same claim in a state court, a second voluntary dismissal upon "notice" and not upon a motion for a court order will operate as a conclusive adjudication of plaintiff's claim and a bar to future suits on those claims.

The Court finds that plaintiff's claims in each of the three suits filed to date are the same for purposes of Rule 41. Further, it is undisputed that plaintiff's dismissal of the state cause on October 24, 1977, was a voluntary and unilateral first dismissal for purposes of the Rule.

Thus, the only issue left to determine under Rule 41 is whether Hospital's filing of its memorandum form on August 7, 1978, was a dismissal by order of court within the meaning of Rule 41(a)(2) or was a unilateral notice of dismissal by plaintiff within the meaning of Rule 41(a)(1).

The Court finds that plaintiff's memorandum did not comply with the basic pleading requirements for a court order. Rule 7, Fed.R.Civ.P., provides:

"An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. . ." (Rule 7, Fed.R.Civ.P.)

Further, Local Rule 7 of this Court requires that motions shall be submitted upon motion papers and briefs, and that the opposing party shall have five days in which to file a brief written statement of reasons in opposition to the motion.

Defendants contend that plaintiff could not have filed a motion for a court order of dismissal because it was given no notice that Hospital's attorneys were intending to appear before Judge Regan informally to obtain the judge's order at any specific time. Thus, they had no opportunity to oppose the plaintiff's motion.

Rather, defendants contend that the August 7 memorandum was stamped by the District Court clerk on August 9, and that a copy was sent to defendant Blue Cross on either August 9 or 10. Thus, it appears that Judge Regan did not treat the memorandum as a motion for an order, for the five-day period for objection under Local Rule 7 was not allowed.

The facts in the case establish that, in effect, plaintiff filed its August 7 memorandum as a voluntary notice of unilateral dismissal under Rule 41(a)(1). On the date plaintiff filed the memorandum, defendants had not filed an answer or a motion for summary judgment, and under the rule plaintiff was entitled as a matter of right to dismiss its complaint where no responsive pleading had been made. *Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976). Further, defendants were given no opportunity to oppose the dismissal, showing plaintiffs intended only to give notice of a voluntary and unilateral dismissal.

The primary purpose of the "two dismissal" rule is to prevent unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of defendant's responsive pleading. *Engelhardt v. Bell & Howell Company*, 299 F.2d 480 (8th Cir. 1962). The Hospital has now filed at least three suits on the same claim against defendant Blue Cross and one appeal to the Eighth Circuit. Considerable time and expense have been required of the defendants. This is precisely the situation which Rule 41(a)(1) was designed to avoid.

It cannot be said that unjust hardship is worked on plaintiff by dismissal. The court in *Engelhardt* stated:

"To assert that plaintiff's counsel may have been ignorant of the two dismissal rule and the effect thereof, and that therefore plaintiff should be relieved of the effects is but to argue that an attorney has no authority to try a case incorrectly and that if he does, then his client is not bound by the result and should be excused from its consequences. The argument, in effect, is that there should be no rules if the violation of them results in

the inability of a party to exercise substantive rights. Such contention is, of course, unsound."
*Id.* at 485.

Therefore, on the basis of Rule 41, plaintiff's cause is hereby dismissed with prejudice.