CITY OF RALEIGH v. COLLEGE CAMPUS APARTMENTS, INC.

No. 8810SC825

(Filed 20 June 1989)

**Rules of Civil Procedure § 41.1 — second suit based on same claim as first — second voluntary dismissal — summary judgment proper**

Plaintiff's second voluntary dismissal operated as an adjudication on the merits, and summary judgment was properly granted for defendant where both of plaintiff's dismissals were obtained by plaintiff filing notice of dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1)(i) and were not by stipulation or order of court, and the second suit was based on or included the same claim as the first suit. Moreover, there was no merit to plaintiff's claim that N.C.G.S. § 1A-1, Rule 41(a) should not apply because defendants were not the same or in privity in both actions, since defendant in the first action was an individual and in the second action was that individual's wholly owned corporation; because of the close identity between the defendants, the individual defendant undoubtedly expended considerable time and money to defend three lawsuits by plaintiff on the same claim, the very situation the two dismissal rule sought to prevent; and plaintiff need not have dismissed in either case, as it could have amended its complaint to add the corporate defendant in the first action, or it could have amended its summons in the second action at any time before or after judgment pursuant to N.C.G.S. § 1A-1, Rule 4(i).

Judge GREENE dissenting.

APPEAL by plaintiff from Judgment of *Judge Anthony M. Brannon*, entered 24 March 1988 in WAKE County Superior Court. Heard in the Court of Appeals 22 February 1989.

*Associate City Attorney Elizabeth C. Murphy for plaintiff appellant.*

*Warren & Perry, by Sue E. Anthony, for defendant appellee.*

COZORT, Judge.

The City of Raleigh, plaintiff herein, sued defendant, College Campus Apartments, Inc., claiming that defendant violated the

CITY OF RALEIGH v. COLLEGE CAMPUS APARTMENTS, INC.

[94 N.C. App. 280 (1989)]

Raleigh City Code by replacing the siding on a house in an historic district with aluminum siding. Plaintiff claimed that the house, located on Cutler Street, was subject to certain restrictions which prevented changes from being made on the house's exterior without prior approval by the Historic Properties Commission. Plaintiff alleged that defendant failed to obtain a "certificate of appropriateness" from the Commission before it replaced the original siding. Plaintiff sought an injunction and an order forcing defendant to remove the aluminum siding and to restore the original siding.

Prior to filing the present suit, plaintiff filed two complaints involving the same claim as the claim in the present action. In the first suit, filed 11 March 1987, plaintiff sued Jeffrey Pinto, the present defendant's sole shareholder and registered agent. Plaintiff took a voluntary dismissal without prejudice on 24 September 1987 after discovering that the Cutler Street house was owned by the defendant corporation and not by Mr. Pinto. At the time the dismissal was taken Mr. Pinto had not yet answered, having filed only a motion to dismiss plaintiff's complaint. On 27 October 1987, plaintiff refiled the suit against the defendant corporation, merely substituting the corporation for Mr. Pinto as defendant. The summons issued in the second case was of the type used in condemnation actions under N.C. Gen. Stat. § 40A-41 (1984). The summons informed defendant that it had 120 days, rather than 30 days, in which to answer. After discovering that the wrong type of summons was issued, plaintiff filed another voluntary dismissal without prejudice on 21 January 1988. On 5 January 1988, 16 days before dismissing the second action, plaintiff filed the present action against the defendant corporation.

After filing an answer on 2 February 1988, defendant moved for summary judgment on 18 February 1988. The trial court granted defendant's motion for summary judgment, and plaintiff appealed.

The issue raised by plaintiff's appeal is whether plaintiff's second voluntary dismissal of the claim constituted an adjudication on the merits under N.C. Gen. Stat. § 1A-1, Rule 41(a)(1), thus barring plaintiff from bringing the third action on this claim. We hold that it does and affirm summary judgment for defendant.

Rule 41(a)(1) of the North Carolina Rules of Civil Procedure provides:

(a) *Voluntary dismissal; effect thereof.*—

    (1) By Plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim.* If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1988) (emphasis supplied). The portion of Rule 41(a)(1) quoted above is identical to Federal Rule of Civil Procedure 41(a)(1). *See* 9 C. Wright and A. Miller, Federal Practice and Procedure 147 (1971) (hereinafter cited as *Wright and Miller) and* W. Shuford, N.C. Civil Practice and Procedure § 41-1 at 320-21 (2d ed. 1981) (hereinafter cited as *Shuford*). "This 'two dismissal' rule, as it is called, was intended to prevent delays and harassment by plaintiff securing numerous dismissals without prejudice." *Wright and Miller* § 2368 at 187. There are two elements to the two dismissal rule: (1) plaintiff must have *filed* the notices to dismiss under Rule 41(a)(1)(i), since this Court has held that the two dismissal rule does not apply where plaintiff's dismissal is by stipulation or by order of court, *Parrish v. Uzzell,* 41 N.C. App. 479, 483-84, 255 S.E. 2d 219, 221 (1979); and (2) the second suit must have been "based on or including the same claim" as the first suit. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1988). Concerning the first requirement, the record clearly reflects that both of plaintiff's dismissals were obtained by plaintiff filing notice of dismissal per Rule 41(a)(1)(i), and were not by stipulation or order of court. As to the second requirement, plaintiff concedes in its brief that the allegations in the second suit filed against defendant

"were the same as those set out in the previous complaint alleging a violation of the Raleigh City Code and the Historic District guidelines . . . ." Thus it cannot be disputed that the second suit was based on or including the same claim as the first suit. The requirements of the two dismissal rule are, therefore, met under Rule 41(a)(1). N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)(1988).

Nevertheless, plaintiff would have us read into the statute a requirement that the two dismissal rule does not apply unless the defendants were the same or in privity in both actions. Following that argument, plaintiff contends the statute should not apply because the dismissals were not taken against the same defendant. In the first suit Jeffrey Pinto was the sole defendant. In the second suit his corporation, College Campus Apartments, Inc., was the named defendant.

There is some precedent in the federal courts for plaintiff's argument. *See, e.g., Friedman v. Washburn Co.*, 145 F. 2d 715 (7th Cir. 1944). Moreover, Professors Wright and Miller, noted authorities on civil procedure, have said that,

> a general rule that the "two dismissal" rule applies though the suits were not against the same defendant seems unsound. If two defendants are unrelated, it is hard to see how defendant B is so harassed by a single dismissal against him that the dismissal should be with prejudice merely because an earlier action on the same claim against defendant A was dismissed. A state court has so reasoned, and, construing a rule based on the federal rule, has limited the Robertshaw case to its particular facts and held that unless the defendants are the same or substantially the same or in privity in both actions, the "two dismissal" rule does not apply.

*Wright and Miller*, § 2368 at 190. In the *Robertshaw* case referred to above, plaintiff filed suit against a New York corporation in federal district court in New York. Plaintiff discovered that the patent in dispute was owned by a Maryland corporation. Plaintiff dismissed the New York suit and filed suit in Maryland against the Maryland corporation. The Maryland and New York corporations merged. The New York corporation survived and owned rights in the patent. Plaintiff then dismissed the suit filed in Maryland against the Maryland corporation and refiled against the New York corporation on the same claim. *Robertshaw-Fulton Controls Co. v. Noma Electric Corp.*, 10 F.R.D. 32, 33-34 (E.D. Md. 1950). The court rejected plaintiff's argument that for the two dismissal rule

to apply the defendants in both suits had to be the same. *Id.* at 35. The court reasoned:

> It is true that subdivision (d) of Rule 41 provides for the awarding of costs in a previously dismissed action "based upon or including the same claim against the same defendant". However, there is no such qualification in subdivision (a) of the Rule, of the words "the same claim", and this omission, we believe, is to be treated as indicating that no such qualification was intended.

*Id.*

Likewise, North Carolina's Rule 41(d) limits the awarding of costs to the defendant for previously dismissed suits to cases in which the defendant was the same in both actions. N.C. Gen. Stat. § 1A-1, Rule 41(d) (1988). That "same defendant" limitation is absent in the two dismissal rule of Rule 41(a)(1). If the General Assembly had intended to limit the rule's application to cases where the defendant was the same in both suits, it could have done so. There is simply no basis for judicially adding a requirement the General Assembly intended to leave out when the statute is clear unambiguous. *Begley v. Employment Securities Comm.*, 50 N.C. App. 432, 436, 274 S.E. 2d 370, 373 (1981).

Furthermore, even if we were to hold that both dismissals had to be against the same defendants or substantially the same defendants, although such a requirement is not demanded by statute or by the holding of this case, there is a close identity between Mr. Pinto and the defendant corporation.

In the first case, Jeffrey Pinto was named the sole defendant. In the second case, Mr. Pinto's wholly owned corporation, College Campus Apartments, Inc., the defendant herein, was the only defendant. Mr. Pinto is the corporation's only stockholder, and he is its registered agent. Mr. Pinto was served with the summons in all three cases. Therefore, there is a close identity between the defendants in both of the previously dismissed suits.

The purpose of the two dismissal rule—to prevent abuse and harassment by plaintiff securing numerous dismissals without prejudice—is advanced in this case. Because of the close identity between Mr. Pinto and the corporate defendant, Mr. Pinto has undoubtedly expended considerable time and money to defend three

lawsuits by plaintiff on the same claim. *See Crowe v. Blue Cross Hospital Service, Inc.*, 84 F.R.D. 623, 626 (E.D. Mo. 1979).

Moreover, the rule's potential harshness is mitigated in this case because in the first case plaintiff could have amended its complaint and joined the defendant corporation as a party defendant. Under N.C. Gen. Stat. § 1A-1, Rule 15(a), plaintiff could have amended its complaint as a matter of right because Mr. Pinto had not yet filed a responsive pleading to the complaint when plaintiff took its voluntary dismissal. N.C. Gen. Stat. § 1A-1, Rule 15(a) (1988). Mr. Pinto had filed only a Rule 12 motion, which is not a responsive pleading. *Shuford*, § 15-4 at 134. The defendant corporation should have been joined under Rule 19(a) as a necessary party in plaintiff's first suit. N.C. Gen. Stat. § 1A-1, Rule 19(a) (1988); *Shuford*, § 19-3 at 173. Plaintiff could have amended its complaint instead of taking a dismissal.

In the second suit, in which the defendant corporation was properly named but the summons issued was improper, plaintiff could have amended the summons under Rule 4(i) "[a]t *any* time, before or after judgment . . . ." N.C. Gen. Stat. § 1A-1, Rule 4(i) (1988) (emphasis added). Plaintiff argues that the summons was so defective that the action was not commenced. We disagree. The action was commenced when plaintiff filed its complaint. N.C. Gen. Stat. § 1A-1, Rule 3 (1988). The summons issued was one intended for a condemnation action and indicated that defendant had 120 days in which to answer. Nevertheless, the summons was sufficient to confer jurisdiction. The summons gave Mr. Pinto notice, as the defendant's registered agent, that plaintiff had instituted an action in Wake County Superior Court, and that the defendant corporation had to file an answer in the clerk's office of the Wake County Superior Court within a specified—albeit wrong—time. *Harris v. Maready*, 311 N.C. 536, 541-42, 319 S.E. 2d 912, 916 (1984).

For the foregoing reasons, we hold plaintiff's second voluntary dismissal operated as an adjudication on the merits, and summary judgment was properly granted to defendant. The trial court's order is

Affirmed.

Judge EAGLES concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The majority construes Rule 41(a) to make the second dismissal without prejudice a final adjudication upon the merits, even though the defendants are not the same. I disagree. I believe the "two dismissal" rule applies only when the defendants "are the same or substantially the same or in privity in both actions." 5 Moore's Federal Practice Sec. 41.04 at 41-44 (2d ed. 1988); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 2368 at 190 (1971) ("a general rule that the 'two dismissal' rule applies only though the suits were not against the same defendants seems unsound"). *Accord Falkenstein v. Braufman*, 251 Minn. 444, 88 N.W. 2d 884 (1958); *cf. State, County of St. Louis v. Marchand*, 401 N.W. 2d 449 (1987) (two dismissals of action against same defendant alleging his paternity of same child did not bar third action against defendant, as party plaintiffs were different).

As the plaintiff's claim was against two different defendants, it was not the "same claim" as that term is used in Rule 41(a). To hold otherwise would bar a plaintiff's action against a defendant for breach of contract simply because plaintiff had previously entered "two dismissals" of a like claim against another defendant for breach of the same contract.

Additionally, the fact that Jeffrey Pinto was the only stockholder of College Campus Apartments, Inc., and its registered agent, is not, in my opinion, sufficient evidence that the parties are "substantially the same or in privity." Accordingly, I would hold the plaintiff's second voluntary dismissal did not operate as an adjudication on the merits and that the trial court erred in entering summary judgment for the defendant.