HEIRONYMUS v. HEIRONYMUS ET AL.

1. **Resulting Trust:** ACTION TO ENFORCE: BARRED BY FORMER ADJUDICATION. This action was brought to recover certain real estate, upon the ground of an alleged resulting trust, but, it appearing that a former action between the same parties was dismissed upon an agreement, wherein plaintiff released all claims against the land in question, and that the claim made herein by plaintiff, that his signature to said agreement was a forgery, or that it was obtained by fraud, and when he was mentally incapable of transacting any business, is not supported by the evidence, *held* that the judgment of dismissal in the former action was a bar to any recovery in this.

*Appeal from Montgomery District Court.*

MONDAY, JUNE 9.

THE plaintiff in this case seeks to recover certain real estate from the defendant, upon the alleged claim that the same was purchased by the defendant, H. C. Hieronymus, with the money of the plaintiff, and that the title thereto was taken by said defendant in his own name, when it should have been taken in the name of the plaintiff. There was a trial by the court, and a decree for the defendants. Plaintiff appeals.

*C. D. Gray, J. Cooper* and *Smith McPherson,* for appellant.

*Junkin & Deemer* and *Newton Hanna,* for appellees.

ROTHROCK, CH. J.—The plaintiff formerly resided in the state of Missouri, and the defendant, H. C. Heironymus, is his son. The plaintiff claims that many years ago he conveyed certain real estate and personal property in Missouri to his said son, and to T. F. Heironymus, another son, the consideration being that they should support the plaintiff and his wife during their lives; that afterwards T. F. Heirony mus conveyed his interest in the property to defendant, H. C. Heironymus, and that the latter then undertook to furnish said support; that in the year 1868 H. C. Heironymus sold the land in Missouri, and came to Iowa, and purchased the land in controversy with money which the plaintiff furnished to him; that plaintiff intended to have said land purchased in his own name, but that said defendant took the deed of conveyance thereof to himself.

Before the commencement of the present action, the plaintiff instituted another suit, in which he claimed, upon substantially the same facts, that he was entitled to a lien against the land for his support. That suit was commenced in January, 1878. In September, 1878, an agreement for the settle-

ment of that suit was made and filed in court, which was in these words:

"It is hereby agreed by the parties to this suit that this suit is to be dismissed at the costs of the plaintiff, and that such dismissal shall be a bar to any and all other suits upon the matter in controversy in this suit; and the plaintiffs hereby release all claims or demands whatever, which they may hold, or pretend to hold, against the land upon which they seek to make the claim sued on a lien."

His
"John B.  X  Heironymus,
Mark.

"T. F. Heironymus,

"H. C. Heironymus.

"*Witness:* Thos. Weidman:"

A judgment of dismissal was duly entered upon this agreement on the fifth day of May, 1879. This suit was commenced in September, 1880, and the plaintiff prays that the judgment of dismissal be set aside, and, as grounds therefor, he charges that the agreement for dismissal was void, because his signature thereto is a forgery, or that it was procured by fraud, and when he was mentally incapable of transacting any business.

It will be seen that the plaintiff can have no standing in any court in any suit to recover the land, or any interest therein, without in some way avoiding the agreement of dismissal and the judgment thereon. The agreement to dismiss expressly provides that the dismissal shall be a bar to any and all other suits upon the matter in controversy, and a release of all claims or demands whatever, which the plaintiff may hold against the land. This includes all claims upon the land, whether in the nature of a lien for support or a resulting trust in the plaintiff. The burden of proof was upon the plaintiff to impeach this adjudication. We think he has failed to do so. A careful examination of the evidence leads us to the conclusion that there is a decided preponderance thereof to the effect that the plaintiff signed the agreement of dis-

missal, and that, at the time he did so, he was in the full possession of his mental faculties, and had full knowledge of its provisions, and that he was in no manner imposed upon or deceived. We need not set out and discuss the evidence in detail. It would serve no useful purpose to do so. Having reached this conclusion, it is unnecessary to discuss the question as to whether the plaintiff had at any time a valid claim against the land in controversy. He is precluded by the adjudication from asserting any such claim.

AFFIRMED.