PILCHER HARDWARE COMPANY, a Co-partnership, Appellees, v. GEORGE H. CLARK, Appellant.

No. 42337.

APRIL 3, 1934.

Clark & Clark, for appellant.

J. P. Tinley, Jr., and D. J. Gross and Harry L. Welch, for appellees.

ANDERSON, J.—In April, 1929, the plaintiff-appellee, Pilcher Hardware Company, commenced this action in the district court of Ida county, Iowa, against the defendant-appellant, George H. Clark, seeking to recover $2,822.06, upon an open account and promissory notes. In May of the same year, Clark & Clark filed an action in the same court against the Pilcher Hardware Company, claiming judgment for $1,007.59, as due them upon an open account for services as attorneys. George H. Clark, the defendant in the action under consideration, was a member of the firm of Clark & Clark, the plaintiffs in the second action. In September, 1931, the Pilcher Hardware Company filed another action in the same court against Harold Clark, Jr., praying judgment upon an open account. Harold Clark, Jr., was also a member of the firm of Clark & Clark, attorneys, engaged in the practice of law at Ida Grove, Iowa. It is claimed by the defendant in the action at bar, George H. Clark, that a settlement and compromise of all of said three causes of action was effected in April, 1930, and that a stipulation of settlement was entered into, which alleged stipulation is in the record and is signed by George H. Clark, attorney for Clark & Clark, and by A. C. Johnston, attorney for Pilcher Hardware Company. There appears an indorsement upon the stipulation of settlement signed by A. C. Johnston, as attorney for Pilcher Hardware Company, acknowledging the payment of $300 on the settlement, and providing that the balance shall be paid when the causes of action therein referred to are dismissed. The action against Harold Clark, Jr., had not been commenced at the time the stipulation of settlement is dated. The stipulation referred to was not filed with the clerk of the district court until September 18, 1931, more than a week after the commencement of the action against Harold Clark, Jr. On the date the stipulation was filed it appears that George H. Clark delivered to the attorney, A. C. Johnston, a check for $262.25, purporting to be

the balance due under the stipulation of settlement, and at the same time Attorney Johnston entered a dismissal of the present case upon the docket in the clerk's office. The plaintiff never received any part of the payments so made. Later a motion was filed by the Pilcher Hardware Company moving for an order setting aside the dismissal of the instant case, and reinstating the same. This motion was based upon the ground that the stipulation of settlement was entered into by plaintiff's attorney, Johnston, without any authorization or permission from the plaintiffs, and without consulting the plaintiffs, and that said stipulation was not presented to the plaintiffs for their approval, and was never approved by them; that the plaintiff did not become aware of the alleged compromise settlement or the dismissal of this action until more than a year after the case had been dismissed by their attorney. A resistance to this motion was filed by Clark, the defendant. Both the motion and resistance were supported by affidavits attached, and upon the submission of the motion oral testimony was introduced. Upon a full submission of the motion and the resistance thereto to the court, the Honorable R. L. McCord presiding, the following finding and ruling was made and entered of record:

"This stipulation was filed with the Clerk on Sept. 18, 1931. On that date Clark gave to Johnston his check for $262.25, and Johnston entered upon the docket a dismissal of the case. The motion to set aside that dismissal and to re-instate the case was filed on April 7, 1933. Neither the $300.00 payment receipted for by Johnston, nor the check for $262.25, was ever received by the Pilcher Hardware Company (unless the receipt by Johnston was receipt thereof by the Hardware Company).

"After the signing of the stipulation and before the dismissal of the case Mr. Pilcher, or the Plaintiff firm, consulted with Mr. Salinger, an attorney of Carroll, Iowa. He had procured from the office of Mr. Johnston the latter's office files, including two copies of the stipulation, both of which copies were signed by George H. Clark, and neither of which was signed by A. C. Johnston. On Aug. 16, 1931, Salinger wrote Clark stating that Pilcher had shown him the two copies, and that Pilcher had advised him that his firm had refused to sign, and Salinger offered to have his client, Pilcher, sign the stipulation if Clark would authorize him to change the figures '562.25' to '707.59,' the difference representing the amount

claimed to be owing by Harold Clark. Clark answered this letter stating what his claims were and Salinger replied asking Clark to furnish some confirmation, whereupon Clark saw Johnston and Johnston gave him the affidavit which is attached to Clark's resistance to the motion to re-instate. That affidavit was made on August 29, 1931. The Pilcher Hardware Company, through Salinger, brought suit against Harold Clark on Sept. 7, 1931. As before stated, the stipulation was filed, and the instant suit dismissed, on Sept. 18, 1931.

"Pilcher testified orally that at about the time he went to see Salinger, Johnston had been sick, and that he, Pilcher, told Johnston that if he couldn't go through with the case he would employ Salinger, that Johnston said all right, and that Pilcher then discharged (him) and retained Salinger. Johnston testified orally that Pilcher told him that he was employing Salinger and would not need Johnston longer, but that he thinks that this was after the stipulation was filed. Further on in his testimony he said that he did not know whether his discharge as attorney was before or after the dismissal of the case.

"There is some sharp conflict between Pilcher and Johnston as to whether the latter was authorized to settle the suit. In the view the Court takes of the matter it is not necessary to determine this fact issue. It does fairly appear that Johnston had been discharged prior to the time he entered dismissal of the case. Pilcher so testified. Johnston does not dispute it. He says that although he thinks that his discharge was after the filing of the stipulation and the dismissal of the case he doesn't know. It is manifest that when he made the affidavit for Clark he knew that Salinger had been employed. The affidavit was for Salinger's perusal. The dismissal was entered after the making of the affidavit. Upon the whole the preponderance of the evidence appears to favor the proposition that Johnston's discharge came before the dismissal of the case, and that the dismissal of the case was unauthorized, even though the settlement itself was authorized at the time it was made.

"It follows that Plaintiff is entitled to an order setting aside the dismissal and re-instating the case; but without prejudice to the defendant's right to plead and prove the alleged settlement on the trial. And it is so ordered. Defendant excepts.

"By the Court.
"R. L. McCord, Judge."

From this finding and order the defendant has appealed.

We are not favored with a brief and argument on the part of the appellee.

The ruling on a motion of this kind is to a large extent an exercise of a discretion lodged in the trial court. We cannot say that the findings of fact as indicated in the ruling are not supported by the record. In view of the fact that a trial must be had upon the matters in controversy, and involving the question as to whether the stipulation of settlement was authorized by the plaintiff, and other questions which are apparent, we refrain from discussion of the facts or expressing any opinion as to the merits. The trial court's order setting aside the dismissal and reinstating the case was made without prejudice to the defendant's right to plead and prove any defense he may have upon the trial of the cause. We can find no error in the court's finding and ruling, and an affirmance necessarily follows.—-Affirmed.

CLAUSSEN, C. J., and STEVENS, KINDIG, KINTZINGER, MITCHELL, and DONEGAN, JJ., concur.