STATE of Iowa, ex rel., IOWA DEPARTMENT OF HUMAN SERVICES, and Sandra Hansen, on Behalf of Amber Dawn Hansen, and Derek James Hansen, Appellees,

v.

Dale MEYER, Appellant.

No. 85–152.

Supreme Court of Iowa.

Feb. 19, 1986.

Michael R. Bovee of Greer, Nelson, Bertell, Montgomery, Barry & Bovee, Spencer, for appellant.

Thomas J. Miller, Atty. Gen., Gordon Allen and Robert R. Huibregtse, Asst. Attys. Gen., and Ralph H. Allen, Asst. County Atty., for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, McGIVERIN, SCHULTZ, and WOLLE, JJ.

HARRIS, Justice.

The respondent appeals an adverse judgment in this paternity action, raising two assignments of error. We reject both and affirm the trial court.

I. The respondent urges that a de novo review of the trial testimony would lead to a conclusion that he is not the father of Amber Dawn Hansen who was born August 27, 1977 to Sandra Hansen. Upon a careful review we however conclude, as did the trial court, that the evidence clearly establishes paternity.

■ Respondent and petitioner had an ongoing sexual relationship that lasted eight years. Although respondent disputes it, there is ample evidence to establish intercourse at the time of conception. Respondent had a close relationship with the child and at least once admitted paternity. A blood test showed a 91% probability of paternity.

Respondent is the father and the trial court was correct in so holding.

II. A more serious question is presented under the respondent's other assignment, a claim that this action is barred by the two dismissal rule. *See* Iowa R.Civ.P. 215. Under that rule a party may voluntarily dismiss that party's action prior to trial. Thereafter such a party may do so only with the court's permission. Such dismissals can be without prejudice. Rule 215 then provides:

3

[B]ut if [a voluntary dismissal is] made by any party who has previously dismissed an action against the same defendant ..., including or based on the same cause, such dismissal shall operate as an adjudication against that party on the merits, unless otherwise ordered by the court, in the interests of justice.

Petitioner previously filed three paternity actions against the respondent. One was dismissed for want of prosecution under rule 215.1 and does not bear on our considerations here. Two of the prior actions were however dismissed by the petitioner and the respondent argues that, under rule 215, the second operated as an adjudication against the petitioner on the merits.

We recently interpreted rule 215 in *Smith v. Lally,* 379 N.W.2d 914 (Iowa 1986) and pointed out the preclusive effect of such a second dismissal. Any prior dismissal must be challenged directly, unless the nature of the challenge is such that it can be collateral. 379 N.W.2d at 915. In *Smith* the challenge to the second dismissal was merely to seek to amend it in order to render it without prejudice. We held this could not be attempted collaterally. *Id.*

■ The petitioner's collateral challenge here, on the other hand, is based on fraud. We have long held a judgment can be collaterally attacked on grounds of extrinsic fraud. *Mauer v. Rohde,* 257 N.W.2d 489, 496 (Iowa 1977). Extrinsic fraud has a well-understood definition. It is "that

fraud which keeps a litigant from presenting the facts of his or her case and prevents an adjudication on the merits." *Id.* We applied the same principle in setting aside a fraudulent dismissal in the early case of *Heironymous v. Heironymous,* 64 Iowa 81, 83–84, 19 N.W. 855, 856 (1884).

The trial court determined in this case that one of the two prior actions, the one filed November 17, 1977, was dismissed on May 30, 1978 as a result of fraud. This determination was based on factual findings with which we agree. The petitioner wrote a letter to the attorney then representing her stating respondent was not the father of the child and directing dismissal of the proceeding. This letter precipitated the dismissal. The letter was in fact dictated by the respondent who enticed the petitioner to write and sign it on his promise to continue to demonstrate a fatherly role to the child.

Respondent by then had become well-versed in paternity proceedings and thereafter boasted that he had succeeded where his attorney had not. We find no error.

AFFIRMED.